UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 2:93-CR-55-WOB-HAI-2 |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| MICHAEL LEE MILLIS, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 27, 2016, *pro se* Defendant Michael Millis filed a motion to vacate his sentence under 28 U.S.C. § 2255. D.E. 234. According to his motion, his grounds for relief relied on *Johnson v. United States*, 135 S. Ct. 2551 (2015). D.E. 234-2 at 4, 6, 7, 9. This was not his first § 2255 motion. *See* D.E. 111, 141, 148. Accordingly, at the same time, he also moved the Court of Appeals to authorize a second or successive § 2255 motion. *See* D.E. 236. Upon Defendant's motion, the Court held his § 2255 motion in abeyance pending the resolution of his Sixth Circuit case, number 16-5931. D.E. 240.

That case was resolved on December 29, 2016. D.E. 243. The Court of Appeals denied Defendant's motion for authorization to file a second or successive § 2255 motion. *Id*. at 3. It held that he "has not made a prima facie showing that he is entitled to relief under *Johnson* because his offense of aiding and abetting armed bank robbery and his prior Ohio conviction for aggravated assault qualify as crimes of violence under the elements clause in USSG § 4B1.2(a)(1)." *Id*. at 2.

Under Rule 9 of the Rules Governing Section 2255 Proceedings, "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court

of appeals authorizing the district court to consider the motion, as required by [28 U.S.C. § 2255(h)]." Section 2255(h) requires certification based on, in this case, a new retroactive rule of constitutional law. 28 U.S.C. § 2255(h)(2). Here, the appellate panel found that Defendant could not rely on *Johnson*, the new constitutional ruling at issue. D.E. 243. Accordingly, under 28 U.S.C. § 2244(a), the Court is not "required to entertain" the motion. Defendant's second or successive § 2255 motion has not been certified by the Court of Appeals, as required by § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals.").

The undersigned therefore **RECOMMENDS** that Defendant's § 2255 motion (D.E. 234) be **DISMISSED** because it is a second or successive § 2255 motion that is not authorized by the Sixth Circuit.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 3rd day of January, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge

2